UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>             Plaintiff,<br><br>       v.<br><br>DOLLAR TREE STORES, INC. *dba* DOLLAR TREE #2459, *et al.*,<br><br>             Defendants. | Case No.  1:21-cv-01640-JLT-EPG<br><br>ORDER DIRECTING DEFENDANT TO FILE A STATEMENT RE: PLAINTIFF'S REQUEST FOR REFERRAL TO VDRP |

A scheduling conference was held in this matter on April 26, 2022. (ECF No. 14). Because the parties indicated that they were likely to reach an agreement regarding the relief requested by Plaintiff, the Court did not enter a scheduling order at that time. (*Id.*) Instead, the Court directed the parties to submit a joint status report detailing their settlement efforts and plans regarding any motion for attorneys' fees by July 8, 2022. (*Id.*) The parties complied with the Court's order. (ECF No. 15). Based on the joint status report, the Court ordered the parties to file a motion for attorneys' fees, if any, by September 2, 2022. (ECF No. 16). In the alternative, the parties were directed to file appropriate dispositional documents by September 2, 2022. (*Id.*)

On September 6, 2022, the Court issued an order approving the parties' stipulation to extend the time for Plaintiff to file a motion for attorneys' fees no later than October 3, 2022, or in the alternative, directing the parties to file appropriate dispositional documents no later than

1

October 3, 2022. (ECF No. 18). The parties did not file either a motion for attorneys' fees nor dispositional documents by this deadline.

On October 2, 2022, Plaintiff Darren Gilbert filed a request for referral to the Voluntary Dispute Resolution Program pursuant to Local Rule 271(b)(4). (ECF No. 19). According to Plaintiff,

> [W]hile Defendants have indicated that they will, in theory, agree to a settlement providing for injunctive relief while reserving the issue of attorney's fees for a prevailing party motion by plaintiff, they have refused to finalize the settlement. Although counsel have met and conferred unsuccessfully on the matter of Plaintiff's claim for attorney's fees and costs, Plaintiff cannot bring a motion for recovery of attorney's fees until his claims for injunctive relief have been resolved via signed settlement agreement or consent judgment.

(*Id.* at 1-2). Plaintiff seeks a referral to because "Plaintiff is hopeful that VDRP will assist the Parties to finalize the settlement and, possibly, to resolve the remaining issue of attorney's fees and costs." (*Id.* at 2).

Because Local Rule 271(b)(4) provides that "[t]he Court may enter an order of reference only if all parties voluntarily agree to the proposed reference," the Court will not grant Plaintiff's request at this time as Defendants have not yet voluntarily agreed to Plaintiff's proposed reference.

Accordingly, IT IS ORDERED, that:

1. The Court sets a scheduling conference for November 4, 2022, at 10:00 AM in Courtroom 10 (EPG) before Magistrate Judge Erica P. Grosjean. Pursuant to the instructions contained within the Court's scheduling order (ECF No. 3), the parties shall file a joint scheduling report one (1) full week prior to the scheduling conference and shall also email a copy in Word format to epgorders@caed.usacourts.gov. To appear telephonically at the conference, each party shall dial **1-(888)-251-2909** and enter access code **1024453**;
2. Further, Defendants shall file a statement indicating whether they agree to a referral to the Voluntary Dispute Resolution Program;

\\\
\\\
\\\

3. If Defendants file a statement agreeing to a referral to the Voluntary Dispute Resolution Program, or if the parties file appropriate dispositional documents, no later than three days before the scheduling conference, then the Court will vacate the scheduling conference.

IT IS SO ORDERED.

Dated:  **October 4, 2022**              /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

3